**CARPENTER v. UNITED STATES.**
No. 6051.

Circuit Court of Appeals, Fifth Circuit.
Oct. 29, 1931.

Isaac S. Peebles, Jr., of Augusta, Ga., and Thomas W. Hardwick, of Albany, Ga., for appellant.

Chas. L. Redding, U. S. Atty., and G. B. Everitt, Asst. U. S. Atty., both of Savannah, Ga.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

George L. Carpenter and George S. Farmer were convicted on two counts of an indictment; one charging a conspiracy to sell and otherwise deal in cocaine, and the other the substantive offense of selling to two named purchasers an ounce of cocaine in the original stamped package without first having registered and paid the internal revenue tax thereon; all in violation of section 1 of the Narcotic Act of 1914 as amended (26 USCA § 211). Carpenter was sentenced to imprisonment for a year and a day, and he alone appeals; Farmer apparently being content to comply with his sentence.

W. B. Lancaster and Bessie Stafford, the alleged purchasers, were opium addicts who had been furnished by government agents with money with which to make the purchases in question. They testified that at first they tried to buy morphine from Carpenter, but he stated to them that he had none to sell; that in answer to an inquiry from Bessie Stafford, however, Carpenter said he knew a man, whose name he refused to divulge, from whom they could buy cocaine at $50 for a half ounce; that they agreed to buy it at that price, and that later he took them in his automobile to a place in the woods near a country church where they were met by the defendant Farmer from whom they bought two bottles of cocaine, each of which contained a half ounce, for which they paid to Farmer $90, agreeing to pay him $10 more when they made their next purchase; that some time later Carpenter again drove them to the same place, where they again met Farmer and bought from him two more half-ounce bottles of cocaine for which they paid him $100, and in addition the balance of $10 they owed him on the first sale. The addicts turned the four bottles of cocaine over to the government agents who had furnished them the money with which to make the purchases. This money was marked and some of it was found on Carpenter when he was arrested. Carpenter was a physician. He became a witness in his own behalf, and admitted that all the testimony of the addicts, Lancaster and Bessie Stafford, was true, except that he testified it was not Farmer but one Beecher who delivered the cocaine and received the money for it. He further testified that he received $50 of the purchase money paid at the first sale on the next day, and $85 of that paid at the second sale immediately afterward. He explained his sharing in the proceeds of the sales by saying that Beecher owed him a balance on the purchase price of an automobile, and before either sale was made had promised to make payments on that debt out of the proceeds of such sales of cocaine which Beecher had in his possession as he might be able to dispose of from time to time; that he had made a standing arrangement with Beecher that he would give a previously understood signal about 8 o'clock at night whenever in his practice as a physician he should have a patient who desired to buy cocaine; that Beecher upon receiving such signal was to meet him and any such patient at a place in the woods near a country church; that in accordance with this arrangement he gave the usual signal and drove Lancaster and Bessie Stafford in his car to the designated place, where Beecher met them on the occasion of each of the sales here involved; and that he credited on Beecher's debt to him the amounts he received from such sales. Lancaster and Bessie Stafford were asked on cross-examination if they had not committed various specified acts involving moral turpitude, but the government's objections to those questions were sustained. The trial court charged the jury that Carpenter would be guilty of making the sales if he aided, abetted, or procured the sale of cocaine, even though he were not the owner, or in partnership with the owner, or the owner's agent.

Appellant assigns error on the refusal of the court to permit him to prove on cross-examination of Lancaster and Bessie Stafford that each of them had been guilty of acts involving moral turpitude. The argument is that the questions asked those witnesses were admissible as affecting their credibility. If they were, it was error to overrule them in determining appellant's guilt under the conspiracy count, because there was a conflict of evidence between them and him as

to whether it was Farmer as they testified, or Beecher as he claimed, who made the unlawful sales of cocaine. Of course, appellant could not be convicted on a charge of conspiracy with Farmer upon proof that he was in a conspiracy with Beecher. But the conspiracy count and the evidence under it need not be considered, because in our opinion the conviction on the substantive count must be upheld and the sentence imposed was not greater than was authorized by law to be imposed for the substantive offense. Under the last-mentioned count the maximum imprisonment permitted is five years, 26 USCA § 705, whereas the imprisonment under the court's sentence is only for one year and a day. Under the substantive count it is immaterial whether the cocaine was delivered and the money received by Farmer, as testified by the prosecuting witnesses whose credibility was sought to be impeached on cross-examination, or by Beecher, as testified by appellant. The offense there charged is joint and several, and appellant could be convicted under it although Farmer, his codefendant, might be innocent, as he would be if the man who actually made the sales was Beecher. Aside from the identity of the man who delivered the cocaine and received the money for it from the addicts, appellant admitted that the testimony in its entirety given by Lancaster and Bessie Stafford was true, and so it makes no difference whether they would be entitled to be considered by the jury worthy of belief, or not, in some other case or under other circumstances.

Appellant was guilty of the substantive offense by his own admission. He criticizes the charge of the court, and argues that it was fairly open to the jury to find that he was agent for the addicts. But he had no interest in common with the purchasers. His purpose admittedly was to assist the owner or possessor of the cocaine in making sales of it to any one who was willing to buy it, in order that he might get a share of the proceeds. That he was aiding and abetting the seller admits of no doubt. The District Judge in his charge only authorized the jury to apply to the undisputed facts of the case the statute found in 18 USCA § 550, which provides that one who aids or abets in the commission of a crime is a principal.

The other assignments of error need not be considered separately, as they apply only to rulings on evidence relating to the conspiracy count.

The judgment is affirmed.